# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| CHELLIS PELLEGRIN | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-5255 |
| AMERICAN RELIABLE INSURANCE COMPANY | SECTION: "C" (4) |

## ORDER AND REASONS

Before the court is defendants Certain Underwriters at Lloyd's of London and Southwest Business Corporation's Motion for Summary Judgment. (Rec. Doc. 33.) Plaintiff opposes. (Rec. Doc. 35.) This matter was taken under advisement without oral argument. Based on the memoranda by parties, the record in this case and the applicable law, the Court GRANTS defendant's motion for the following reasons.

## I. BACKGROUND

On August 30, 2007, plaintiff Chellis Pellegrin filed suit against American Reliable Insurance Company. (Rec. Doc. 1.) Plaintiff alleges Hurricane Katrina-related damages. (Id.) Plaintiff amended her complaint on July 18, 2008 naming Certain Underwriters at Lloyd's of London and Southwest Business Corporation as defendants for the first time. The Louisiana legislature extended the prescriptive period for all insurance claims stemming from Hurricane Katrina to September 1, 2007. La.Rev.Stat. Ann. § 22:658.3.

Defendants seek summary judgment arguing that plaintiff's claim is prescribed against them since defendants were first named in the suit after the statutory deadline. Plaintiff argues that her amended complaint "relates back" to her original complaint and therefore is still timely under the statutory deadline.

## II.  LAW AND ANALYSIS

Summary judgment is only proper when the record indicates that no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory

allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure provides that an amended pleading relates back to the original when

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

As an initial matter, plaintiff's amendment fails to satisfy the time limitations imposed by Rule 4(m) of service within 120 days. The record in this case is clear that the amended complaint was not filed until July 2008, well after the prescriptive period and almost a year after suit was filed. Plaintiff suggests she is not at fault for the delay and implies that defendants are responsible for the mistake by providing the wrong information to "Road Home." (Rec. Doc. 35 at 2.) Plaintiff does not provide any evidence that plaintiff received her insurance information from Road Home or that Road Home incorrectly listed the name of her insurer.[1] In fact, plaintiff does not attempt to explain, through competent summary judgment evidence or otherwise, how she could make and receive payment on a claim from her insurer, but fail to name them as the proper party in this matter. Because her arguments lack any evidentiary support, the Court must find good cause does not exist to extend the deadline imposed by Rule

---

[1] Plaintiff's sole evidence in support of her claim is a poor photocopy apparently from eGrantsPlus listing American Reliable Insurance Company as the insurer. Plaintiff did not submit an authenticating affidavit.

4(m).

Defendant provided sufficient evidence of an absence of a genuine issue of material fact to shift the burden to plaintiff. Defendant provided a copy of plaintiff's insurance policy, which clearly lists "Underwriters At Lloyd's London, England" and "Southwest Business Corp." as the insurance providers. (Rec. Doc. 33-4 at 1.) In addition, plaintiff received notice of payment on her claim from "Southwest Business Corporation" in a letter dated December 15, 2005. (Rec. Doc. 33-5 at 3.)

Plaintiff, however, failed to provide any competent rebuttal evidence.[2] Plaintiff claims, without any supporting affidavits or evidence, that the defendants were negotiating with plaintiff through 2007 and therefore had notice of the impending lawsuit. Even if true, if plaintiff was engaged in negotiations with the defendants, why the delay in naming them as defendants?

As defendants have sustained their burden, and plaintiff has not, the Court is forced to conclude that no genuine issue of material fact exists as to the amendment of the complaint after the prescriptive period. Therefore, the complaint does not relate back to the original complaint and the claims against defendants Certain Underwriters at Lloyd's of London and Southwest Business Corporation are prescribed by law .

## III. CONCLUSION

Accordingly,

IT IS ORDERED that defendants Certain Underwriters at Lloyd's of London and

---

[2] The Court notes that not only did plaintiff fail to provide any evidence supporting her arguments, but she also failed to show by affidavit why she "cannot present facts essential to justify opposition," thereby seeking a continuance of this matter pending additional discovery.

Southwest Business Corporation's Motion for Summary Judgment is GRANTED. (Rec. Doc. 33.) Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 10th day of June, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**